UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lyle Brennan, Christopher Richard, and
Michael Lundell, on behalf of themselves
and other individuals similarly situated,

Civil File No. 07-cv-2024 (ADM/JSM)

Plaintiffs,

v.

**REPORT AND
RECOMMENDATION**

Qwest Communications International, Inc.,
Qwest Communications Corporation, and
Qwest Corporation, foreign corporations,

Defendants.

---

The above matter came before the undersigned United States Magistrate Judge upon this Court's October 30, 2008 Order to Show Cause [Docket No. 233], Plaintiffs' Motion to Modify the Court's Second Amended Pretrial Scheduling Order [Docket No. 236][1] and this Court's November 20, 2008 Order to Show Cause [Docket Nos. 262, 275]. James Kaster, Esq. and Sarah Fleegel, Esq. appeared on behalf of plaintiffs; and Melissa Raphan, Esq. appeared on behalf of defendants.

## I.    FACTUAL BACKGROUND

Plaintiffs are current and former Qwest Network Technicians who have joined together in a representative action under the federal Fair Labor Standards Act ("FLSA") to collectively allege that they had to work off-the-clock, before and after their shifts and during their lunches and breaks, in order to meet defendants' productivity goals and not lose their jobs.

---

[1]    Plaintiffs' Motion to Modify the Court's Second Amended Pretrial Scheduling Order [Docket No. 236] would normally be addressed in an order as opposed to a report and recommendation.  However, since the facts and issues in that motion and the Orders to Show Cause in this case are so intertwined, the Court has decided to address them all together as a part of this Report and Recommendation.

On March 25, 2008, United States District Judge Ann Montgomery conditionally certified plaintiffs' case.  See March 25, 2008 Order [Docket No. 108].  Plaintiffs were given until July 7, 2008 to file consents to opt-in into the present action.  See May 1, 2008 Order, ¶ 3 [Docket No. 116].  On July 9, 2008, two days after the opt-in period ended, defendants served their First Set of Interrogatories on the opt-in plaintiffs, along with requests for admission and document requests.  See Affidavit of Ryan E. Mick in Support of Defendants' Joint Memorandum in Response to Order to Show Cause and in Opposition to Plaintiffs' Motion to Modify the Court's Second Amended Pretrial Scheduling Order ("Mick Aff."), ¶ 1, Ex. A [Docket No. 249].

On August 1, 2008, one week before the responses to this discovery was due, plaintiffs took issue with the breadth of written discovery propounded by defendants and attempted to get defendants to agree to conduct representative discovery.  See Declaration of Sarah M. Fleegel [Docket No. 239], Exs. 2, 4.  On August 4, 2008, defendants served notices to take depositions of the opt-in plaintiffs, setting the dates for depositions for August 27-28, September 8-12, 15-19 and 22-26, 2008.  Id., Ex. 3. After several rounds of negotiations, on September 8, 2008, the parties sent to the Court a Stipulation to amend the Pretrial Scheduling Order – this Stipulation limited the number of opt-in plaintiffs to be deposed to 35, and provided that all opt-in plaintiffs would answer defendants' outstanding interrogatories and document requests, and only those individuals who were going to be deposed would answer the requests for admission.  See Docket No. 222.   On September 26, 2008, this Court adopted the parties' agreement and issued a Second Amended Pretrial Scheduling Order stating the following:

October 17, 2008 -   Plaintiffs will answer outstanding

Interrogatories and produce documents in response to outstanding Requests for Document Production for all individual opt-in plaintiffs on or before this date. In addition, defendants will identify up to 35 opt-in plaintiffs they wish to depose on or before this date.

November 14, 2008 - Depositions of no more than 35 potential plaintiffs relative to decertification issues shall be completed by this date.

See September 26, 2008 Second Amended Pretrial Scheduling Order [Docket No. 223].[2] The Second Amended Pretrial Scheduling Order also set December 19, 2008 as the filing deadline for defendants' motion for class decertification. Id.

On September 8, 2008, pursuant to their agreement to amend the scheduling order, defendants served an Amended Notice of Taking Consent Plaintiff Depositions setting two depositions per day for October 2, 3, 13-17, 20-24, and 27-31 for the opt-in plaintiffs. See Mick Aff., Ex. I. On September 10, 2008, defendants provided to plaintiffs' counsel a list of 30 opt-in plaintiffs who defendants sought to depose during the dates and times stated on the Amended Deposition Notice. Id., Ex. J. Defendants also agreed to allow plaintiffs to determine the specific dates on which each of the noticed plaintiffs would be deposed, so long as the confirmation of the deposition dates occurred no later than September 19 for the depositions noticed for October 2 and 3, and no later than October 1 for the remaining depositions. Id. Almost three weeks

_____

[2] The Second Amended Pretrial Scheduling Order also stated that by October 10, 2008, plaintiffs would provide responses to the outstanding Requests for Admission for those opt-in plaintiffs identified by defendants on September 10, 2008. These opt-in plaintiffs were those individuals that defendants had identified for deposition.

later, on September 29, 2008, plaintiffs' counsel notified defendants that they had not been able to contact some of their clients and likely would not be producing the noticed deponents for the October 2-3 depositions. Id., Ex. K.   Defendants then identified additional opt-in plaintiffs to be deposed for the four slots on October 2 and 3, but ultimately only two opt-in plaintiffs were deposed on these dates. See Defendants' Joint Memorandum in Response to Order to Show Cause and in Opposition to Plaintiffs' Motion to Modify the Court's Second Amended Pretrial Scheduling Order ("Defs.' Joint Mem.") [Docket No. 248] at p. 7.   As for the week of October 13-17, plaintiffs only produced three opt-in plaintiffs for deposition. Id.

Concerned with plaintiffs' failure to comply with their agreement to produce deponents, the November 14, 2008 deadline for completion of depositions, and the deadline for the filing of the decertification motion, defendants informally moved the Court to compel the opt-in plaintiffs requested for deposition to appear for their deposition or to show cause why they should not be dismissed from the case with prejudice, and to permit defendants to name additional opt-in plaintiffs as deponents.[3] See Letter from Melissa Raphan dated October 14, 2008 to Court; Letter from Melissa Raphan dated October 16, 2008 to Court.[4]   On October 15 and 16, 2008, telephonic conferences were held to address the failure of plaintiffs' counsel to schedule all of the

---

[3]      This motion took place by agreement of the parties pursuant to the informal motion practice permitted by the Second Amended Pretrial Scheduling Order.

[4]      These letters are not part of the official court file as they were sent to the Court pursuant to the informal motion practice of the Court.   These letters, along with other correspondence to the Court bearing on this motion, including plaintiffs' responsive letter, are maintained in this Court's chamber file.

noticed plaintiffs by the dates set forth in defendants' amended deposition notice.  On October 17, 2008, this Court ordered three opt-in plaintiffs (Donald Labarre, Jerome Arrandondo, and Mary Tombers) to appear for depositions on October 21-23, and put in place a process for scheduling the remaining 27 opt-in plaintiffs for October 23 and 24, 2008, and during the weeks of October 27, November 3 and November 10, 2008.  See October 17, 2008 Order [Docket No. 228].  In particular, in addition to scheduling the depositions of Labarre, Arrandondo and Tombers, the Order required plaintiffs to schedule four opt-in plaintiffs for October 23 and 24, 2008, and to provide to defendants by 4 p.m. on October 17, 2008 the names of those four deponents; it further required that the remaining 23 depositions be scheduled for the weeks of October 27, November 3 and November 10, 2008, and that plaintiffs provide to defendants by noon on October 22, 2008, the names, dates and times for the depositions of each of these individuals. Id., ¶¶ 2-3.  All depositions were limited by the Court to four hours in duration.  Id., ¶ 5. The Order also provided that "[i]n the event that any plaintiff fails to appear at his or her scheduled deposition, defendants may bring a motion seeking sanctions, including dismissal of that plaintiff's claim."  Id., ¶ 6.

When plaintiffs' counsel did not schedule depositions for eight of the plaintiffs identified by defendants by October 22, 2008, as ordered, and a number of the opt-in plaintiffs failed to respond to defendants' written discovery as required by the Second Amended Pretrial Scheduling Order, defendants sought additional relief from the Court. See Letter from Ryan Mick to Court dated October 24, 2008.[5]  Specifically, defendants

---

[5]     This letter is not part of the official court file as it was sent to the Court pursuant to the Court's informal motion practice.  The letter, along with other correspondence to the Court bearing on this motion, including plaintiffs' responsive letter, are maintained in

asked the Court issue an order to show cause why 10 opt-in plaintiffs, who had not been scheduled for their depositions, should not be dismissed and an order compelling the appearance of 10 replacement opt-in plaintiffs for deposition. Id. In addition, defendants asked the Court to compel those opt-in plaintiffs that had not responded to defendants' outstanding written discovery by the deadlines set out in the Second Amended Pretrial Scheduling Order to serve their responses to this written discovery by October 31, 2008 or be dismissed for failure to prosecute their claims. Id. In making this request, defendants stated that recent correspondence from plaintiffs indicated that as of the October 17 deadline, plaintiffs had not even interviewed or prepared draft responses for more than 100 opt-in plaintiffs. Id., Ex. 3; see also Mick Aff., Ex. F.

In response to this motion, on October 29, 2008, this Court ordered the following:

> 1.  On or before 5:00 p.m. on October 29, 2008, defendants shall provide to plaintiffs a list of 10 plaintiffs they seek to depose as part of the 35 opt-in plaintiffs they are permitted to depose pursuant to the Second Amended Pretrial Scheduling Order.
>
> 2.  For the 10 remaining plaintiffs identified by defendants in their submission to plaintiffs pursuant to paragraph 1, on or before 5:00 p.m. on October 31, 2008, plaintiffs shall provide in writing to defendants the names, dates and times for the depositions of the 13 individuals to be taken during the weeks of November 3 and November 10, 2008. This list shall include the 10 plaintiffs identified for depositions by defendants pursuant to paragraph 1, the two individuals previously scheduled for deposition that had to cancel their deposition because of medical issues, and Ann Olson. Plaintiffs shall schedule no more than 2 deponents per day, Monday through Friday, at 9:00 a.m. and 1:00 p.m., respectively, except that Ann Olson's deposition shall take place in the evening or on a Saturday, in order to accommodate her new job. Plaintiffs shall make every effort to schedule depositions on consecutive days.

---

this Court's chamber file.

*\*\**

> 4.   All opt-in plaintiffs shall serve executed interrogatory answers on defendants on or before November 4, 2008.

October 29, 2008 Order, ¶¶ 1-2 [Docket No. 232].

The Court further ordered that:

> In the event that any plaintiff fails to make him/herself available for a deposition (if such deposition was sought by defendants), fails to appear at his or her scheduled deposition, or fails to provide executed answers to defendants' interrogatories by November 4, 2008, defendants may seek an order to show cause asking why that plaintiff should not be dismissed from the case with prejudice.

Id., ¶ 6 .  The Court then set the hearing for an Order to Show Cause for November 14, 2008 and asked defendants to prepare an order setting forth the names of the plaintiffs for whom they were seeking dismissal.  Id., ¶ 7.

On October 30, 2008, this Court issued an Order to Show Cause which required each plaintiff identified in Exhibits A or B to the Order to show cause, if any, why his or her claim should not be dismissed with prejudice for his or her failure to: (1) appear for deposition, or (2) serve executed answers to interrogatories.  See October 30, 2008 Order [Docket No. 233].  Exhibit A to the Order to Show Cause listed the following individuals who had failed to make themselves available for or to appear at their scheduled deposition: Michael Ablan, Jerome Arrandondo, David Bahl, Adam Benson, Anthony Burth, Allen Chollett, Rene Delgado, Gary Dekker, Jeffrey Loesch, Roger Moller, William Neumann, and John Velo (collectively referred to as the "First Order Deponents").  Id., Ex. A.  Exhibit B to the Order to Show Cause listed the names of all opt-in plaintiffs who had not returned to defendants executed answers to interrogatories

as of October 29, 2008, and also identified which of these plaintiffs had provided unexecuted answers to interrogatories.  Id., Ex. B.

On November 14, 2008, a hearing was held on the Order to Show Cause and plaintiffs' Motion to Modify the Court's Second Amended Pretrial Scheduling Order.  At the conclusion of the hearing, this Court informed the parties that it was denying plaintiffs' motion to amend the scheduling order, and that it would be recommending dismissal of all plaintiffs who had failed to serve executed answers to interrogatories on defendants as of the date of the hearing.  Noting that despite plaintiffs' counsel's diligent efforts to contact these plaintiffs to obtain their responses to defendants' interrogatories, and two previous orders requiring all opt-in plaintiffs to served executed interrogatories on defendants, the Court concluded that those opt-in plaintiffs who had not provided any answers were not prosecuting their claims and had not given any indication that they intended to prosecute and pursue their claims.  However, as to the 39 opt-in plaintiffs who had provided defendants with unexecuted interrogatories as of the date of the hearing, the Court stated it would give these plaintiffs until December 1, 2008 to provide defendants with executed interrogatory answers to avoid dismissal.  Specifically, the Court informed plaintiffs' counsel that failure by these opt-in plaintiffs to provide executed interrogatory answers by December 1, 2008, would result in a recommendation by this Court that their claims be dismissed.

The Court also informed the parties that it was going to recommend dismissal of the claims by opt-in plaintiffs Michael Alban, Jerome Arrandondo, David Bahl, Anthony Burth, Allen Chollett, Rene Degaldo, William Neumann and John Velo, because they failed to appear at their respective depositions, or despite defendants' request that they be scheduled for a deposition, their depositions had never been scheduled by plaintiffs'

counsel.  As to plaintiff Adam Benson, the Court gave him until November 21, 2008 to have his deposition taken, given that he tried to attend the previously scheduled deposition but could not find parking.  Similarly, the Court gave plaintiff Roger Moller an additional week for his deposition to be taken and allowed him to appear for the deposition by telephone due to his claim that he could not travel 400 miles because it would result in him having to take a day off work without pay.  The Court again warned plaintiffs' counsel that if Benson or Moller failed to appear for their depositions by November 21, 2008, they would be included in the recommendation by this Court that their claims be dismissed.

The Court also addressed at the hearing defendants' request that additional opt-in plaintiffs not named in the October 30, 2008 Order to Show Cause be dismissed for failure to appear at their scheduled depositions.  According to defendants, these plaintiffs did not appear at their respective depositions which were scheduled to have occurred after the Court had issued the Order to Show Cause.  The Court refused to act on these additional plaintiffs as they had not been given the opportunity to respond to defendants' request that they be dismissed from the case.  The Court instructed defendants to seek another order to show cause to the address the issue of sanctions against these plaintiffs.

On November 20, 2008, at the request of defendants [Docket No. 256], this Court issued an Order to Show Cause ("Second Order to Show Cause") [Docket No. 262], and ordered Terry Biederman, Richard Raisanen, Chad Jacobsen, Jesse Kirkendall, Patrick Pudlik, Daniel Yngsdal and Jarrod Stoddard (collectively referred to as "the Second Order Deponents") to "show cause, if any there be, why his claim should not be dismissed with prejudice for his/her failure to: (a) make himself available for a

deposition; or (b) appear for his scheduled deposition."[6]   According to defendants, opt-in plaintiff Raisanen failed to appear at his scheduled deposition, without providing notice to defendants or even his attorneys.   Mick Aff., Ex. M.   Biederman similarly did not appear at his scheduled deposition, but did not notify defendants of his decision until the afternoon before his deposition.   Id., Exs. N, V.   Opt-in plaintiffs Jacobsen, Kirkendall, Pudlik and Yngsdahl never made themselves available for deposition.   See Affidavit of Melissa Raphan dated November 19, 2008 ("Raphan Nov. 19, 2008 Aff.") [Docket No. 259], ¶ 2, Ex. 1.   As to Stoddard, plaintiffs' counsel represented that he would not appear for his deposition because he was withdrawing from the case, and accordingly, defendants withdrew their request for his deposition.   See Raphan Nov. 19, 2008 Aff., Ex. 2.   However, despite this representation, Stoddard had not filed a notice of withdrawal.

In defendants' Reply to the Second Order to Show Cause, defendants informed the Court that several of the 39 opt-in plaintiffs who had submitted unexecuted answers to interrogatories as of the November 14, 2008 hearing, had not served executed answers as of December 1, 2008.   See Defendants' Reply to Plaintiffs' Memorandum in Response to Second Order to Show Cause ("Defs.' Reply") [Docket No. 270] at pp. 2, 6-7; Third Supplemental Affidavit of Ryan E. Mick dated December 3, 2008 [Docket No. 271], ¶¶ 2-3, Ex. 1.   Therefore, defendants sought dismissal of these plaintiffs as well.

## II.   STANDARD OF REVIEW

---

[6]      On December 8, 2008, this Court issued an Amended Order to Show Cause [Docket No. 274] that was identical to the November 20, 2008 Order to Show Cause, except that it changed the date of the hearing.

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides for the following sanctions for a party's failure to obey an order to provide discovery:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.[7]

Rule 37(b)(2)(A) "authorizes the court to impose sanctions upon parties who fail to comply with discovery orders, but dismissal may be considered as a sanction only if there is (1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party." Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000) (citation omitted).[8] The discretion of a court to issue Rule 37 sanctions "'is bounded by the requirement of Rule 37(b)(2) that the sanction be 'just' and relate to the

---

[7] In addition, Rule 37(b)(2)(C) allows the Court "[i]nstead of or in addition to the orders" set out in Rule 37(b)(2)(A) to "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

[8] At the time Schoffstall was decided, sanctions for failure to comply with a court order were reflected in Rule 37(b)(2)(C).

claim at issue in the order to provide discovery.'"   Hairston v. Alert Safety Light Products, Inc., 307 F.3d 717, 719 (8th Cir. 2002) (quoting Avionic Co. v. General Dynamics Corp., 957 F.2d 555, 558 (8th Cir. 1992)).   However, when the facts show willfulness and bad faith, the district court need not investigate the propriety of a less extreme sanction.   Hairston, 307 F.3d at 719.   Rule 37 provides a sufficient, independent basis for dismissal of a complaint with prejudice.   See Kabanuk v. City of Harris, Civil No. 07-2119 (MJD/SRN), 2008 WL 314705 at *3 (D. Minn. Feb. 04, 2008).

In addition, to Rule 37(b), Rule 41(b) provides in relevant part, "[f]or the failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant."   Thus, where a plaintiff refuses to meaningfully participate in discovery, and other sanctions are not likely to move the case forward, a court has discretion to order dismissal with prejudice under this rule.   Rodgers v. Curators of Univ. of Missouri, 135 F.3d 1216, 1222-23 (8th Cir. 1998).   However, dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay.   See Hutchins v. A.G. Edwards & Sons, Inc., 116 F.3d 1256, 1260 (8th Cir.1997).   "This does not mean that the district court must find that the appellant acted in bad faith, but requires 'only that he acted intentionally as opposed to accidentally or involuntarily.'"   Hunt v. City of Minneapolis, Minn., 203 F.3d 524, 527 (8th Cir. 2000) (quoting Rodgers, 135 F.3d at 1219).   Under Rule 41(b) a court issuing a sanction focuses on the malfeasance at issue and to a lesser extent the adverse impact of such conduct upon both the defendant and the administration of justice.   See Smith v. Gold Dust Casino, 526 F.3d 402, 405 (8th Cir. 2008).   To this end, a "'sanction imposed by the district court must be proportionate to the litigant's transgression,'" and

"'[d]ismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint.'" Id. (quoting <u>Givens v. A.H. Robins Co.</u>, 751 F.2d 261, 263 (8th Cir. 1984)). Even where the facts might support dismissal with prejudice, such a sanction should only be imposed when lesser sanctions would be futile.  See <u>Hunt</u>, 203 F.3d at 527 (citation omitted).

## III.    OCTOBER 30, 2008 ORDER TO SHOW CAUSE

Plaintiffs argued that the sanction of dismissal was not appropriate because their actions were not willful or egregious, as evidenced by the fact that twenty-two of the 35 of plaintiffs have been deposed and because 68% of the 303 plaintiffs have responded to the written discovery in this case.  See Plaintiffs' Memorandum in Response to Order to Show Cause at pp. 8-9 [Docket No. 238].   Plaintiffs also relied on a panoply of explanations as to why they could not attend their depositions including fear of retaliation, travel distance, and because it would require them to take time off work without pay.   Id. at p. 11.   In addition, notwithstanding the fact they agreed to individualized written discovery, plaintiffs submitted that not receiving written discovery responses from every opt-in plaintiff did not prejudice defendants because defendants had obtained discovery responses from a larger percentage of opt-in plaintiffs than is usually provided to defendants in a FLSA case. Id. at pp. 12-14.

Defendants countered that dismissal of the identified plaintiffs was appropriate given their willful disregard of this Court's discovery orders.  See Defs.' Joint Mem. at pp. 11-12 [Docket No. 248].   Defendants took issue with plaintiffs' suggestion that all opt-in plaintiffs should not be required to answer interrogatories and that 35 opt-in plaintiff depositions was excessive, particularly when the parties had agreed to this

discovery more than two months earlier.  Id. at p. 13.  Defendants also challenged any argument that plaintiffs' compliance with discovery should be evaluated as a collective group rather than individual by individual, and further contested the excuses proffered by plaintiffs for not attending their depositions.  Id. at pp. 13-16.  Finally, defendants submitted that they were prejudiced by the lack of complete written discovery by all opt-in plaintiffs and the depositions of the designated plaintiff deponents because they needed this information to prepare for their motion for decertification of the collective class.  Id. at pp. 18-19.

**A.**   **Deponents Identified on Exhibit A of the October 30, 2008 Order to Show Cause**

The Court finds that the First Order Deponents (Michael Ablan, Jerome Arrandondo, David Bahl, Adam Benson, Anthony Burth, Allen Chollett, Rene Delgado, Gary Dekker, Jeffrey Loesch, Roger Moller, William Neumann, and John Velo), identified on Exhibit A to October 30, 2008 Order to Show Cause, have failed to show cause why their claims should not be dismissed with prejudice for their failure to make themselves available for depositions or to appear for a scheduled deposition.[9]  The only plaintiff of this group who provided a declaration explaining his refusal to attend his deposition was Michael Ablan.  Alban stated that he could not attend his deposition because it would force him to take time off of work without pay and asserted that participating in a deposition against his employer would be detrimental to his

_____

[9]   There is no dispute by the parties that the discovery at issue regarding whether the opt-in plaintiffs are similarly situated to the named plaintiffs is relevant under the FLSA for the purposes of decertification of the collective action.  See e.g., Parker v. Rowland Express, Inc., 492 F. Supp.2d 1159, 1163-64 (D. Minn. 2007) (citations omitted); Nerland v. Caribou Coffee Co., Inc., 564 F. Supp.2d 1010, 1017-18 (D. Minn. 2007) (citations omitted).

employment.   See Declaration of Michael Ablan [Docket No. 243], ¶ 5.   The other

plaintiffs in this group provided the Court with no explanation as to why they could not

attend their depositions; instead, they relied on the representations of counsel who

stated:

- Jerome Arrandondo missed his deposition because of a cancer diagnosis of a family member and counsel has not been able to make contact with him since this incident.

- Although counsel had attempted to contact David Bahl, Allen Chollett, and Gary Dekker many times via the telephone, email and U.S. Mail, counsel had not been able to contact them.

- Anthony Burth, Rene Delgado, Jeffery Loesch, William Nuemann and John Velo have all indicated that they wished to withdraw from the case but had not returned the withdrawal form sent to them.

See Declaration of Sam Richie [Docket No. 240], ¶ 12.

As for Adam Benson and Roger Moller, as stated previously, the Court gave

each of them one more chance at the November 14, 2008 hearing to have their

depositions taken on or before November 21, 2008, and their depositions were noticed.

See Second Supplemental Affidavit of Ryan Mick, ¶¶ 2, 11, Exs. A, C [Docket No. 258].

However, they never did not submit to their deposition.   Plaintiffs' counsel

communicated to defendants that Moller was withdrawing from the action and that

Benson was unable to take any additional time off of work that week for his deposition.

Id., Exs. B, D (November 18, 2008 Emails Between Counsel).

The Court concludes that dismissal of this case as it relates to the First Order

Deponents is warranted.  These individuals have violated the Second Amended Pretrial

Scheduling Order, the October 17, 2008 Order, and the October 29, 2008 Order, and

ignored the warnings in those orders that failure to submit to a deposition could result in

having their cases dismissed.  In addition, plaintiffs David Bahl, Allen Chollett, Jerome

Arrandondo and Gary Dekker have not responded to their counsels' attempts to contact them regarding the case, and plaintiffs Anthony Burth, Rene Delgado, Jeffery Loesch, William Nuemann, Roger Moller and John Velo have requested to withdraw from this case.  It is evident by these actions, or lack thereof, that these plaintiffs no longer want to be a part of this case.

As for Michael Ablan and Adam Benson, this Court is sympathetic to their wishes not to miss work.  However, they have the responsibility to participate in the cases that they have affirmatively brought before the Court.  Defendants are not asking plaintiffs to take multiple days of deposition testimony; in fact, the Court limited the depositions to four hours in length.  In the end, subjecting oneself to some inconvenience of time or even pay, is inherent in any litigation a party decides to pursue.  Finally, this Court finds Ablan's intimation of possible retaliation for participating in a deposition to be unsubstantiated.

Considering the pattern of disobedience, the Court's previous warnings of dismissal for failing to submit to depositions, and the plaintiffs' refusal to participate in the prosecution of their cases, the Court concludes that the conduct of the First Order Deponents is willful.  Further, the compliance of other plaintiffs does not excuse these plaintiffs from their obligations as litigants.  Having affirmatively opted into this action, as opposed to being absent members of a Rule 23 class action, these plaintiffs through their counsel have agreed to the discovery procedure at issue.  As such, they cannot sit on the side-lines and ignore discovery obligations imposed by this Court.  See generally, Luna v. Del Monte Fresh Produce (Southeast), Inc., Civil Action No. 1:06-CV-2000-JEC, 2007 WL 1500269 at *6-7 (N.D. Ga. May 18, 2007) (denying a protective order for no discovery from individualized plaintiffs that were not absent members of a

Rule 23 class action, but opt-in plaintiffs under § 216(b) of the FLSA); Gonzales v. Hair Club for Men, Ltd., Inc., No. 6:06-cv-1762-Orl-28JGG, 2007 WL 1079291 at *2 n. 2 (M.D. Fla. April 9, 2007) ("'[I]n contrast to Rule 23 class actions, the existence of a collective action under § 216(b) does depend on the active participation of other plaintiffs.'") (quoting Cameron-Grant v. Maxim Healthcare Serv., Inc., 347 F.3d 1240, 1249 (11th Cir. 2003)); Krueger v. New York Telephone Co., 163 F.R.D. 446, 449 (S.D.N.Y. 1995) ("This is not a class consisting of thousands of absent class members, scattered throughout the country, perhaps unaware of the litigation itself. This case involves a relatively small group of 162 people, each of whom has freely chosen to participate and each of whom has relevant information with respect to the claims and defenses in this action. Having already deposed the named plaintiffs and having obtained the plaintiffs' agreement to depose about 19 other consent signers without objection, defendants properly seek to depose an additional 14 consent signers. These 14 individuals, like all members of the class, could be deposed fully on the issues in this case to the extent information is not otherwise obtained from them, such as through answers to detailed questionnaires."); Kaas v. Pratt & Whitney, a Consol. Subsidiary of United Technologies Corp., No. 89-8343-CIV-PAINE, 1991 WL 158943 at *2-3 (S.D. Fla. March 18, 1991) (holding that it was essential for a defendant to take individualized discovery of the opt-in plaintiffs to determine if they are similarly situated).

In addition, this Court finds that defendants are prejudiced by the First Order Deponents' failure to comply with the Court's Orders.  This Court rejects plaintiffs' argument that not completing all of the 35 depositions and not receiving written discovery responses from every opt-in plaintiff does not prejudice defendants simply because defendants were provided with discovery from a larger percentage of opt-in

plaintiffs than is provided to defendants in other FLSA cases.  First, this argument is nothing more than an attempt by the plaintiffs to unilaterally undo the agreement of the parties on how to proceed with representative discovery in this case on the eve of defendants' decertification motion.

More to the point, this argument ignores the fact that the discovery at issue was designed to address the question of whether the opt-in plaintiffs are "similarly situated" to the named plaintiffs for the purpose of addressing defendants' motion for class decertification filed on December 19, 2008.  Courts usually follow a two-stage approach when deciding whether the named plaintiffs in an FLSA action are "similarly situated" to other potential plaintiffs:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action [then] proceeds as a [collective] action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant[,] usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question.

Parker, 492 F. Supp.2d at 1164 (citations omitted) (quoting Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001)).  In order to support the motion for decertification, defendants must be given the opportunity to discover whether the opt-in

plaintiffs are or are not similarly situated to the named plaintiffs. Where the parties agreed to 35 depositions of the 300-plus opt-in plaintiffs and interrogatory answers from all opt-in plaintiffs as a compromise to plaintiffs' request for representative discovery, plaintiffs' eleventh-hour change of heart denies defendants information critical to its class decertification motion.

Finally, this Court has considered the possibility of imposing a less serious sanction than dismissal with prejudice, as it relates to not only the First Order Deponents, but also those opt-in plaintiffs who failed to serve executed interrogatory answer and the Second Order Deponents who are the subject of the November 20, 2008 Order to Show Cause. This Court has given all of these plaintiffs several opportunities to cure their failures and they have refused to avail themselves of these options. Further, this Court does not believe that a lesser sanction, such as striking evidence or imposing monetary sanctions, will motivate those plaintiffs to provide the required discovery. Thus, the Court concludes that the appropriate sanction for the deliberate inaction of the identified plaintiffs in both Orders to Show Cause is the dismissal of their claims with prejudice.

For all of these reasons, this Court recommends that the claims of Michael Ablan, Jerome Arrandondo, David Bahl, Adam Benson, Anthony Burth, Allen Chollett, Rene Delgado, Gary Dekker, Jeffrey Loesch, Roger Moller, William Neumann, and John Velo should be dismissed under Rule 37 and Rule 41(b) with prejudice.

**B.**     **Plaintiffs Identified on Exhibit B of the October 30, 2008 Order to Show Cause Who Failed to Provide Any Answers to Interrogatories**

The Court finds that the opt-in plaintiffs identified on Exhibit B of the October 30, 2008 Order to Show Cause who failed to provide any answers to Defendants'

interrogatories as of November 14, 2008, have failed to show cause why their claims should not be dismissed with prejudice. The Court makes this finding due the fact that these plaintiffs have violated the Second Amended Pretrial Scheduling Order and the October 29, 2008 Order, and ignored the warnings in those orders that failure to provide executed interrogatory answers by the dates specified could result in having their cases dismissed. Based on this conduct, the Court concludes that these plaintiffs are refusing to participate in the prosecution of this case, and their conduct is willful. Additionally, as stated in Section III.A of this Report and Recommendation, plaintiffs' failure to provide any answers to discovery prejudices defendants' ability to defend this case, and this Court does not find that lesser sanctions are appropriate.

The Court's recommendation of dismissal also includes the opt-in plaintiff Wayne Soens, who did not submit any interrogatory answers until December 12, 2008. See December 15, 2008 Affidavit of James H. Kaster ("Dec. 15, 2008 Kaster Aff.") [Docket No. 276], Ex. C (December 12, 2008 Letter). These interrogatory answers were executed on December 11, 2008. See Supplemental Affidavit of Melissa Raphan, ¶ 2. Plaintiffs' counsel argued that this Court should not dismiss Soens because he answered the interrogatories, although not until December 11, 2008, and he has been active class member and has stayed in touch with plaintiffs' counsel. See Dec. 15, 2008 Kaster Aff. [Docket No. 276], Ex. C. However, no explanation was ever provided to the Court as to why Soen's interrogatory answers were not executed until December 11, 2008, when plaintiffs' counsel had been on notice at least since October 30, 2008, that Soens was one of the opt-in plaintiffs who had not served executed or unexecuted interrogatory answers on defendants. See Order to Show Cause dated October 30, 2008, Ex. B. Further, on November 3, 2008, defendants' counsel informed plaintiffs'

counsel that no executed interrogatory answers for Soens had been served on defendants, as had been stated in the October 17, 2008 letter from plaintiffs' counsel to defendants' counsel. See Supplemental Affidavit of Melissa Raphan, Ex. A (November 3, 2008 Letter); Dec. 15, 2008 Kaster Aff. [Docket No. 276], Ex. C.   The only explanation provided by plaintiffs' counsel for the service of Soens' executed interrogatory answers on December 12, 2008, and the failure to respond to defendants' counsels' November 3, 2008 letter was that it was counsel's fault. Id.   However, when the Court questioned counsel at the hearing as to why his office had not responded to the November 3, 2008 letter from defendants, all he could state was that he did not know what happened.   Even if this Court were to accept that it was the fault of counsel that Soen's interrogatory answers were never executed until December 11, 2008, it is a "well-established principle that a party is responsible for the actions of his or her counsel and that, under appropriate circumstances, dismissal or default may be entered against a party as a result of counsel's actions.'" Everyday Learning Corp. v. Larson, 242 F.3d 815, 817 (8th Cir. 2001) (quoting Boogaerts v. Bank of Bradley, 961 F.2d 765, 768 (8th Cir. 1992) and citing Inman v. American Home Furniture Placement, Inc., 120 F.3d 117, 118 (8th Cir. 1997) ("Litigants choose counsel at their peril."); Denton v. Mr. Swiss of Mo., Inc., 564 F.2d 236, 240-41 (8th Cir. 1977) (declining to construe Slaughter as requiring a finding of client bad faith or willful misconduct)).   "It was within the district court's discretion to impose the dismissal . . . sanctions without a finding that [plaintiff] acted in bad faith or was herself guilty of willful misconduct." Everyday Learning Corp., 242 F.3d at 817.   This Court cannot fathom why plaintiffs' counsel waited until December 11, 2008 to obtain the executed answers when Soens was listed on the October 30, 2008 Order to Show Cause and defendants' counsel had again reminded

plaintiffs' counsel of Soen's failure to served execute interrogatory answers on November 3, 2008.

As such, for all the reasons stated above, this Court recommends dismissal under Rule 37 and Rule 41(b) with prejudice as it relates to the following plaintiffs for their failure to serve executed interrogatory answers:

| | |
|---|---|
| Michael Ablan | Arthur Kendrick |
| Michael Amundson | Thomas Koelsch |
| David Bahl | Cynthia Krischuk |
| Charles Baker | Ken Larson |
| James Bartels | Gregory Luker-Green |
| Paul Bell | Bret Maassen |
| Kathleen (Gunderson) Bliss | Christian Mbarga |
| Steven Blomster | Jerome Miller |
| Russell Bower | Mary Nemec |
| Tammy Brant | William Neumann |
| Thomas Bunn | Gregory Pickar |
| Anthony Burth | Richard Prins |
| Sean Carlson | Anthony Reisinger |
| Kevin Carufel | Delmar Rosha |
| Jody Chelmo | Joe Salava |
| Allen Chollett | Richard Sandberg |
| Gary Dekker | Les Severson |
| Michael Garcia | Joseph Simones |
| Robert Garcia Jr. | Thomas Skovran |
| James Gruber | Wayne Soens |
| Steven Gunderson | Michael Sorenson |
| Mike High | Thomas Springer |
| Gary Hoffman | Jerrod Stoddard |
| Michael Hogstrom | David Swanson |
| Leslie Hursky | Mark Tarman |
| Jeremy Irwin | Larry Varhalla |
| Bryan Johnson | John Velo |
| Terry Justin | Wilfred White |
| John Kaczmarczyk | Xao Xiong |

**C.**      **Plaintiffs Identified on Exhibit B of the October 30, 2008 Order to Show Cause Who Failed to Provide Executed Answers to Interrogatories**

The Court concludes that the opt-in plaintiffs identified in Exhibit B to the October

30, 2008 Order to Show Cause who had provided unexecuted answers to defendants' interrogatories prior to November 14, 2008, but did not provide executed interrogatory answers as of December 1, 2008, have failed to show cause why their claims should not be dismissed with prejudice.[10]  The Court makes this finding due the fact that these plaintiffs have violated the Second Amended Pretrial Scheduling Order and the October 29, 2008 Order and ignored the warnings in those orders that failure to provide executed answers to interrogatories could result in having their cases dismissed.

Furthermore, at the November 14, 2008 hearing on the October 30, 2008 Order to Show Cause, this Court gave the opt-in plaintiffs who had provided defendants with unexecuted interrogatories until December 1, 2008 to provide defendants with executed interrogatory answers.  The Court expressly notified plaintiffs' counsel at the November 14 hearing that failure by these plaintiffs to provide executed interrogatory answers by December 1, 2008, would result in a recommendation by this Court for dismissal of their claims.

On December 3, 2008, defendants provided a list of twenty-five plaintiffs who had failed to provide executed answers as of December 1, 2008.  See Defendants' proposed order on the Second Order to Show Cause, Table C. The Court allowed

---

[10]     This Court notes that Rule 33(d) of the Federal Rules of Civil Procedure requires that "the person who makes the answers [to interrogatories] must sign them, and the attorney who objects must sign any objections."  "This requirement is critical because 'interrogatories serve not only as a discovery device but as a means of producing admissible evidence; there is no better example of an admission of a party opponent, which is admissible because it is not hearsay, than an answer to an interrogatory.'" Walls v. Paulson, 250 F.R.D. 48, 52 (D.D.C. 2008) (quoting Melius v. Nat'l Indian Gaming Comm'n, No. 98-CV-2210, 2000 WL 1174994, at *1 (D.D.C. July 21, 2000)).

plaintiffs at the December 15, 2008 hearing to submit an affidavit listing the status of the individuals identified in Exhibit C to defendants' proposed order on the Second Order to Show Cause.  See Dec. 15, 2008 Kaster Aff. [Docket No. 276], Ex. B. Defendants submitted a letter to the Court on December 17, 2008, representing that Exhibit B to the December 15 Kaster Affidavit was consistent with Table C to defendants' proposed order on the Second Order to Show Cause, to the extent it correctly identified the twenty-five individuals who had failed to provide executed interrogatory answers as of December 1, 2008.

The opt-in plaintiffs listed on Table C to defendants' proposed order on the Second Order to Show Cause have had ample time, almost five months, to provide executed interrogatory answers. These plaintiffs, however, failed to provide executed interrogatory answers, have failed comply with the Court's orders, and failed to provide executed answers despite being given one last chance to do so at the November 14, 2008 hearing.  This course of conduct by each of the 25 plaintiffs constitutes a clear record of willful behavior to avoid the duty prosecute their respective cases.  Further, as stated in Section III.A of this Report and Recommendation, the failure of these 25 opt-in plaintiffs to provide these executed interrogatory answers prejudices defendants' ability to defend this case, and this Court finds that lesser sanctions are not warranted.

At the December 15, 2008 hearing, plaintiffs' counsel objected to dismissal of the 25 individuals who had failed to provide executed interrogatory answers by December 1, 2008, because they did not receive adequate notice of their possible dismissal for the purposes of due process.  This argument is meritless.  "The essential requirements of due process . . . are notice and an opportunity to respond."  Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985).  Plaintiffs had both notice and an adequate

opportunity to respond to their possible dismissal for failing to follow this Court's orders. First, Exhibit B to the October 30, 2008 Order to Show Cause listed their names as part of all opt-in plaintiffs who had not returned executed interrogatory answers as of October 29, 2008.   Second, the October 30, 2008 Order to Show Cause required all individuals listed in Exhibit B to the Order, including these plaintiffs, to show cause, if any, why his or her claim should not be dismissed with prejudice for his or her failure to serve executed answers to interrogatories.   At the November 14, 2008 hearing on the October 30, 2008 Order to Show Cause, even though these plaintiffs had not given the Court any reason for their failure to provide executed interrogatory answers, they were given one more opportunity -- until December 1, 2008 -- to provide defendants with executed interrogatory answers or be dismissed from the case.   Further, at the December 15, 2008 hearing, the Court gave plaintiffs' counsel the opportunity to provide an accurate statement of the status of the individuals identified for dismissal for failing to provide executed answers to interrogatories, and plaintiffs did so as reflected by the December 15, 2008 Affidavit of James H. Kaster [Docket No. 276].   In sum, plaintiffs received notice of their imminent dismissal for failing to provide executed interrogatory answers both in the October 30, 2008 Order to Show Cause and at the November 14, 2008 hearing, and had an adequate opportunity to respond to the threat of dismissal under the October 30, 2008 Order to Show Cause.   Plaintiffs have received all the due process that is required.

As such, for all the reasons stated above, this Court recommends dismissal under Rule 37 and Rule 41(b) with prejudice the following plaintiffs who failed to provide

executed interrogatory answers:[11]

> Hans Auerbach
> Charles Banks
> Donald Behrmann
> Bruce Clark
> Richard Corwine
> Rene Delgado
> Shawn Garner
> Timothy Guest
> Mike Hexum
> Joe Johnson
> Lawrence Johnson
> Paul King
> Jeffrey Kowalski
> John Kroeger
> Ronald LaFond
> Roger Moller
> Henry Ottinger
> Jim Sargent
> Lawrence Schmitz
> Sinsamouth Sisomphane
> Ivan Sunde
> Joseph Turner
> Michael Wagner
> Joseph Weber
> David Zitzman

## IV. NOVEMBER 20, 2008 ORDER TO SHOW CAUSE

As stated previously, on November 20, 2008, this Court issued a Second Order

to Show Cause [Docket No. 262], and ordered the Second Order Deponents Terry

Biederman, Richard Raisanen, Chad Jacobsen, Jesse Kirkendall, Patrick Pudlik, Daniel

---

[11]   This Court notes the following individuals listed on Table C to defendants' proposed Order on the Second Order to Show Cause are not included within this recommendation because they have filed notices of withdrawal: Richard Corwine, Lawrence Johnson, Lawrence Schmitz and Joseph Weber.  See Docket Nos. 254, 255; Dec. 15, 2008 Kaster Aff., Ex. B The Court also notes that Rene Delgado, who was listed on Table C to defendants' proposed order on the Second Order to Show Cause was never listed in this Court's October 30, 2008 Order to Show Cause on the basis of her failure to supply interrogatory answers.   Nevertheless, the Court has already recommended the dismissal of her claims for failing to submit to a deposition.  See Report and Recommendation, Section III.A.

Yngsdal and Jarrod Stoddard to "show cause, if any there be, why [their claims] should not be dismissed with prejudice for his/her failure to: (a) make himself available for a deposition; or (b) appear for his scheduled deposition."   Plaintiffs responded to the Second Order to Show Cause by arguing that the sanction of dismissal was too harsh, as the Court was making plaintiffs choose between their cause of action and their livelihoods.   See Plaintiffs' Memorandum in Response to Second Order to Show Cause at p. 3.   Plaintiffs also contended that the most of the Second Order Deponents had provided executed interrogatory answers.   Id.   Further, plaintiffs argued that defendants had taken 29 opt-in plaintiff depositions, and had refused to depose Terry Biederman and Daniel Yngsdal (who now claim they are available for their depositions), thereby negating any claims of prejudice.   Id. at p. 4; see also Declaration of Sarah M. Fleegel [Docket No. 264], Ex. 1A.

In opposition, defendants asserted that there was no basis to the Second Order Deponents' claims that they had to choose between their cause of action and their livelihoods, and that plaintiffs' argument regarding defendants' refusal to depose any additional plaintiffs after the November 14, 2008 deadline, was nothing more than an attempt to recast their previously denied motion to modify the Second Amended Pretrial Scheduling Order.   See Reply to Plaintiffs' Memorandum in Response to Second Order to Show Cause at pp. 2-4.

The Court finds that plaintiffs Terry Biederman, Richard Raisanen, Chad Jacobsen, Jesse Kirkendall, Patrick Pudlik, Daniel Yngsdal and Jerrod Stoddard, identified in the November 20, 2008 Order to Show Cause, have failed to show cause why their claims should not be dismissed with prejudice for their failure to make themselves available for depositions or to appear for a scheduled deposition prior to

November 14, 2008.  These Second Order Deponents have violated Second Amended Pretrial Scheduling Order, the October 17, 2008 Order on discovery, and the October 29, 2008 Order.

As to Richard Raisenen, Patrick Pudlik and Jerrod Stoddard, not only did they fail appear for their depositions or comply with this Court's Orders, this Court observes that they never submitted any response to the November 20, 2008 Order to Show Cause.

As to Terry Biederman, Jesse Kirkendall and Daniel Yngsdal, each of them claimed that they were not able to attend their depositions before November 14, 2008 because they could not take time off of work.  See Declaration of Terry Biederman, ¶ 5; Declaration of Jesse Kirkendall, ¶ 5; Declaration of Daniel Yngsdal, ¶ 5.  Plaintiffs' explanations for failing to appear for their deposition are not acceptable.  Litigation, by its very nature causes inconvenience, whether it be in the form of lost time or wages.  In addition, none of these plaintiffs showed they had no paid leave or vacation time available to take to cover the time off, and their present willingness to be deposed does not excuse their unwillingness to be deposed prior to November 14, 2008, in compliance with the Court's scheduling and discovery Orders.

As to Chad Jacobsen, while defendants were willing to take his deposition via telephone, the point is that he was still refusing to be deposed based on a fear of retaliation.[12]  See Declaration of Chad Jacobsen [Docket No. 266], ¶ 6.  However, no

---

[12]     Previously, Jacobson had represented that he could not appear at his deposition because he was a single parent and needed to drop off his child in the morning, as well as pick him up in the afternoon, thereby making it difficult for him to drive 420 miles to take his deposition.   See Declaration of Chad Jacobson, ¶ 5 [Docket No. 242]. Jacobson subsequently acknowledged that he was given the opportunity to have his deposition taken telephonically.  See Declaration of Chad Jacobsen [Docket No. 266], ¶ 6.

evidence was submitted by Jacobsen to support any potential claim of retaliation.

Considering the pattern of disobedience and the Court's previous warnings of dismissal for failing to submit to deposition by November 14, 2008, the Court concludes that the Second Order Plaintiffs are refusing to participate in the prosecution of this case, and that their conduct is willful.  In addition, for the reasons stated in Section III.A of this Report and Recommendation, this Court finds prejudice to defendants for the Second Order Plaintiffs' failure to comply with the Court's orders, and that lesser sanctions are not appropriate.  Therefore, Terry Biederman, Richard Raisanen, Chad Jacobsen, Jesse Kirkendall, Patrick Pudlik, Daniel Yngsdal and Jerrod Stoddard should be dismissed under Rule 37 and Rule 41(b) with prejudice.

## IV.   PLAINTIFFS' MOTION TO MODIFY THE COURT'S SECOND AMENDED PRETRIAL SCHEDULING ORDER

At the same time as defendants moved for the first Order to Show Cause, plaintiffs moved to modify the Second Amended Pretrial Scheduling Order.  Specifically, plaintiffs asked for: (1) an order stating that the representative discovery received in this matter as of November 5, 2008 was sufficient, or in the alternative, limiting the consent plaintiff depositions to the depositions scheduled and confirmed as of November 5, 2008; and (2) for an order limiting the consent plaintiff interrogatory responses to the responses already executed as of November 5, 2008, or in the alternative, to modify the Second Amended Pretrial Scheduling Order to allow plaintiffs to continue to receive and serve executed consent plaintiff interrogatory responses through December 1, 2008. See Plaintiffs' Motion to Modify the Court's Second Amended Pretrial Scheduling Order [Docket No. 236].  The Second Amended Pretrial Scheduling Order required that all plaintiffs answer interrogatories by October 17, 2008 and that the designated plaintiff

deponents have their depositions completed by November 14, 2008.  See September 26, 2008 Second Amended Pretrial Scheduling Order.

Under Rule 16(b) of the Federal Rules of Civil Procedure, "[a] schedule shall not be modified except upon a showing of good cause and by leave of [court]." Fed. R. Civ. P. 16(b). Similarly, Local Rule 16.3(a) states: "Once the pretrial discovery schedule is adopted, it shall not be extended or modified except upon written motion and for good cause shown."   In addition, Local Rule 16.3(e) states: "[e]xcept in extraordinary circumstances, the motion for extension shall be served and the hearing, if any, shall be scheduled prior to the expiration of the original pre-trial schedule deadlines."

According to the court in Scheidecker v. Arvig Enterprises, 193 F.R.D. 630 (D. Minn. 2000), "the 'good cause' standard [of Rule 16(b)] is an exacting one, for it demands a demonstration that the existing schedule cannot be reasonably be met despite the diligence of the party seeking the extension." Id. at 632; see also Archer Daniels Midland v. Aon, 187 F.R.D. 578, 581-82 (D. Minn. 1999) (same) (quoting Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment).  Rule 16(b) focuses on "the diligence of the party seeking to modify a Scheduling Order, as opposed to the litany of unpersuasive excuses, inclusive of inadvertence and neglect, which commonly undergird an untimely Motion to Amend." Scheidecker, 193 F.R.D. at 632 n. 1 (citations omitted).

Prior to bring the instant motion to this Court, plaintiffs had already violated this Court's Orders dated September 26, October 17 and 29, 2008, and had failed to comply with their agreements with defendants as it relates to discovery.   Plaintiffs have provided no good reason for not complying with their agreements or the Orders of this Court, and have given this Court no reasons for not seeking to modify the requirements

and deadlines set forth in the Second Amended Pretrial Scheduling Order prior to the expiration of these deadlines. Further, those plaintiffs who have failed to provide executed interrogatory responses have not given this Court any reason why four months was not adequate time to provide executed answers.  As for the plaintiffs who failed to appear at their scheduled deposition, they either never responded to their attorney's attempts to contact them or unilaterally decided that they did not have comply with their discovery obligations.  This conduct does not constitute "good cause" to support the amendment of the Second Amended Pretrial Scheduling Order.  In short, the parties agreed who would answer written discovery; when they would answer written discovery; how many people would be deposed; that defendants had the right to select the deponents; and that plaintiffs had the right to set the deposition schedule at their convenience.  Plaintiffs' after-the-fact and untimely attempt to rewrite their agreements and to ignore this Court's Orders, does not amount to good cause for amending the operative scheduling order.  For all of the reasons stated above, and for the reasons stated at the November 14, 2008 hearing, plaintiffs Motion to Modify the Court's Second Amended Pretrial Scheduling Order should be denied.

### **RECOMMENDATION**

For the reasons set forth above and based on all the files, records, and proceedings herein, IT IS RECOMMENDED that: (1) plaintiffs Motion to Modify the Court's Second Amended Pretrial Scheduling Order be **DENIED**; and (2) the claims of the following plaintiffs be **DISMISSED** with prejudice:

| | |
|---|---|
| Michael Ablan | Allen Chollett |
| Jerome Arrandondo | Rene Delgado |
| David Bahl | Gary Dekker |
| Adam Benson | Roger Moller |
| Anthony Burth | William Neumann |

John Velo
Michael Ablan
Michael Amundson
David Bahl
Charles Baker
James Bartels
Paul Bell
Kathleen (Gunderson) Bliss
Steven Blomster
Russell Bower
Tammy Brant
Thomas Bunn
Anthony Burth
Sean Carlson
Kevin Carufel
Jody Chelmo
Allen Chollett
Gary Dekker
Michael Garcia
Robert Garcia Jr.
James Gruber
Steven Gunderson
Mike High
Gary Hoffman
Michael Hogstrom
Leslie Hursky
Jeremy Irwin
Bryan Johnson
Terry Justin
John Kaczmarczyk
Arthur Kendrick
Thomas Koelsch
Cynthia Krischuk
Ken Larson
Gregory Luker-Green
Bret Maassen
Christian Mbarga
Jerome Miller
Mary Nemec
William Neumann
Gregory Pickar
Richard Prins
Anthony Reisinger
Delmar Rosha
Joe Salava
Richard Sandberg

Les Severson
Joseph Simones
Thomas Skovran
Wayne Soens
Michael Sorenson
Thomas Springer
Jerrod Stoddard
David Swanson
Mark Tarman
Larry Varhalla
John Velo
Wilfred White
Xao Xiong
Hans Auerbach
Charles Banks
Donald Behrmann
Bruce Clark
Richard Corwine
Rene Delgado
Shawn Garner
Timothy Guest
Mike Hexum
Joe Johnson
Lawrence Johnson
Paul King
Jeffrey Kowalski
John Kroeger
Ronald LaFond
Roger Moller
Henry Ottinger
Jim Sargent
Lawrence Schmitz
Sinsamouth Sisomphane
Ivan Sunde
Joseph Turner
Michael Wagner
Joseph Weber
David Zitzman
Terry Biederman
Richard Raisanen
Chad Jacobsen
Jesse Kirkendall
Patrick Pudlik
Daniel Yngsdal
Jarrod Stoddard

Dated:       January 23, 2009

                               s/ Janie S. Mayeron
                               JANIE S. MAYERON
                               United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 12, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this Rules shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **February 9, 2009**.