

RYAN E. MICK
(612) 492-6613
FAX (612) 340-2868
mick.ryan@dorsey.com

February 18, 2010

**VIA E-MAIL AND U.S. MAIL**

James Kaster, Esq.
Matthew Morgan, Esq.
Reena Desai, Esq.
Nichols Kaster, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402

    Re:   *Brennan et al. v. Qwest Communications Int'l, et al.*
           Court File No. 07-cv-02024 (ADM/JSM)

Counsel:

    We are in receipt of Plaintiffs' demands for entry upon Qwest's premises. I write to address several issues that must be resolved before Qwest will permit Plaintiffs to enter its premises.

    1.   We are trying to confirm whether the noticed dates[1] will work for the inspections. We will let you know as soon as we can confirm those dates. The times noted for Plaintiffs' inspections are problematic, however. To the extent that Plaintiffs are entitled to inspect Qwest's premises, we believe it is reasonable and appropriate for such inspections to take place at times that will not disrupt Qwest's operations. Specifically, while we understand that Plaintiffs intend to videotape Qwest employees engaged in start-of-shift activities at each garage, it is Qwest's position that Plaintiffs are not entitled to videotape those activities. Qwest has no objection to Plaintiffs photographing or videotaping the physical facilities in each garage at a less disruptive time, but videotaping employees in these garages is unnecessary, since Plaintiffs are able to testify regarding their own start-of-shift activities, and having outsiders in the facilities, with cameras, at the times identified in your notices is likely to be disruptive to Qwest's ability to meet time-sensitive customer commitments, as well as to Qwest employees who are not parties to this lawsuit.[2]

---

[1]   We understand that the inspection previously scheduled for March 4 has been cancelled. Please advise as soon as possible if you would like to reschedule that inspection for an alternate date.

[2]   Please be advised that Qwest intends to notify the CWA that Plaintiffs have demanded entry to these garages to inspect, photograph and/or videotape the premises. In the event that the CWA, or individual union employees, object to these inspections and/or being videotaped or photographed, any such objections will have to be resolved before Qwest will permit Plaintiffs entry to the requested garages.

DORSEY & WHITNEY LLP • WWW.DORSEY.COM • T 612.340.2600 • F 612.340.2868
SUITE 1500 • 50 SOUTH SIXTH STREET • MINNEAPOLIS, MINNESOTA 55402-1498
USA  CANADA  EUROPE  ASIA-PACIFIC

**EXHIBIT B**



James Kaster, Esq.
Matthew Morgan, Esq.
Reena Desai, Esq.
February 18, 2010
Page 2

In light of Qwest's schedules of operations at the garages noticed by Plaintiffs, the requested inspections generally may be conducted between 11:00 a.m. and 3:00 pm with much less disruption. Please let us know when you would prefer to start the inspections at each facility within the range of times identified above.

2. Before Qwest will permit inspection of its premises, all visitors must sign a confidentiality agreement and release. I will forward a form in advance of each inspection. Please return signed forms to my attention no later than the day before each inspection.

3. At least 7 days prior to any inspection, Plaintiffs must identify the persons who will be present in Qwest's facilities. Qwest will permit up to 2 persons to be present. Persons not identified by Plaintiffs sufficiently in advance will not be permitted to enter Qwest's facilities.

4. At least 7 days prior to any inspection, Plaintiffs must also identify the starting time (*see supra*) and ending time for each inspection. Given the nature of Plaintiffs' demand, Qwest will permit Plaintiffs to be present in each of its facilities for up to 1 hour.

5. At least 7 days prior to any inspection, Plaintiffs must also identify the type of cameras, if any, they intend to use during the inspection. Qwest will permit no more than one video camera and one still camera at each inspection.

6. Cameras will not be permitted in restrooms or other sensitive areas, such as locker rooms (if any). Violation of this condition will result in the immediate termination of the inspection.

7. Qwest will not permit persons participating in the inspection to be present in any part of its facilities without escort by Qwest personnel. Violation of this condition will result in the immediate termination of the inspection.

8. If Plaintiffs intend to take photographs or record video footage as part of their inspection, no photographs or video footage shall be taken of any Qwest employee who asks not to be videotaped. Violation of this condition will result in the immediate termination of the inspection.

9. No person participating in the inspection shall speak to Qwest employees or seek to solicit any information from employees in any manner. Violation of this condition will result in the immediate termination of the time study.

10. Defense counsel and Qwest escorts shall not be videotaped or photographed.

11. Photographing or videotaping of Qwest's bulletin boards and other postings will not be permitted.

DORSEY & WHITNEY LLP



James Kaster, Esq.
Matthew Morgan, Esq.
Reena Desai, Esq.
February 18, 2010
Page 3

12.  Plaintiffs shall produce copies of any video footage or still photographs to Qwest within 5 days of the conclusion of each inspection.

Please let me know as soon as possible whether Plaintiffs will agree to the conditions set forth herein.

Very truly yours,

Ryan E. Mick

REM/jkt
cc:  Robert Reinhart, Esq.
     Melissa Raphan, Esq.

DORSEY & WHITNEY LLP